## ABIJAH W. THAYER *vs.* UNION TOOL COMPANY.

A creditor of a manufacturing corporation, who is also a stockholder individually liable for its debts, cannot take, under Rev. Sts. *c.* 38, §§ 16, 30, upon attachment or execution against the corporation, the property of other stockholders equally so liable; but must resort to a bill in equity against them for contribution, under Rev. Sts. *c.* 38, § 32, and *c.* 81, § 8.

Stockholders in a manufacturing corporation, with whom a summons has been left, pursuant to *St.* 1851, *c.* 315, in an action against the corporation on a promissory note, may defend against the action, under that statute, by showing that the plaintiff took the note when overdue and without consideration, and holds it for the sole use and benefit of the payee, who was a stockholder in the corporation, equally liable with such defendants for its debts.

Stockholders, summoned pursuant to *St.* 1851, *c.* 315, in an action against a manufacturing corporation, need not show, in order to exempt themselves from liability in that action, that they are not officers of the corporation, and, as such, liable for its debts.

ACTION OF CONTRACT on three promissory notes, made by the defendants, two payable to J. F. Baker or order, and by him indorsed, and the other payable to said Baker or bearer. The corporation were defaulted.

Levi Barrus, and three others, having each had a summons left with him, as a stockholder in the corporation, pursuant to *St.* 1851, *c.* 315, and had his property attached, filed an answer, in which they allege that the notes declared on came into the plaintiff's hands when overdue, and without consideration, and are held for the sole use and benefit of Baker, the payee thereof, and that if said respondents are liable thereon as stockholders and members of the corporation, Baker is, equally with them and other stockholders, holden for a proportionate contribution to the payment of said notes; and that there are numerous other notes and obligations of the corporation, which Baker and these respondents and other stockholders of the corporation are holden to pay, and that their shares of contribution can only be determined upon a bill in equity; and the respondents, if liable at all to Baker, are liable only upon a bill in equity, and not till after a full ascertainment and adjustment of all contracts and obligations whereon the respondents and Baker and the other stockholders are jointly holden.

The plaintiff demurred to the answer, 1st. Because the facts

alleged therein, that Baker was a member of the corporation, and, as such, liable for their debts, and was the real plaintiff in this action, if true, constitute no defence to the maintenance of this action against said respondents for the benefit of Baker. 2d. Because it is not alleged therein that said respondents are not officers of the corporation, and, as such, liable in this action for the benefit of Baker. 3d. Because the answer does not state a legal defence to the plaintiff's action against said respondents, substantially in accordance with the rules of law.

The court of common pleas sustained the demurrer, and the respondents appealed.

*W. Allen, Jr.* for the plaintiff. 1. A debt due from a manufacturing corporation, incorporated since February 23d 1830, is a debt for which the members of the company may be liable under Rev. Sts. *c.* 38, § 16, and for which their property may therefore be taken on an execution issued against the company under § 30. *Peirce* v. *Partridge,* 3 Met. 44. *Sargent* v. *Webster,* 13 Met. 497. *Kelton* v. *Phillips,* 3 Met. 62. *Andrews* v. *Callender,* 13 Pick. 484. *Keith* v. *Congregational Parish in Easton,* 21 Pick. 262. *Wyman* v. *American Powder Co.* 8 Cush. 168. The cases in New York and Connecticut, cited for the respondents, in which stockholders, liable for the debts of the corporation, have been held copartners, seem to have been decided under statutes which simply deprived the stockholders of their common law exemption from liability in certain particulars, and made no provision for those particulars. *Slee* v. *Bloom,* 19 Johns. 473. *Bailey* v. *Bancker,* 3 Hill, 188. *Allen* v. *Sewall,* 2 Wend. 327. *Harger* v. *Mc Cullough,* 2 Denio, 119. *Southmayd* v. *Russ,* 3 Conn. 52. *Middletown Bank* v. *Magill,* 5 Conn. 28. But the statutes of this state define and limit the character of the liability of the stockholders, and prescribe the creditor's remedy, as well as declare his right. The whole current of the decisions of this court goes to show the distinction between the statute liability of such stockholders, and the liability of partners. In 13 Pick. 490, 491, this liability was likened to that of the inhabitants of a town. The *dictum* of Parker, C. J. in *Marcy* v. *Clark,* 17 Mass. 334, that these statutes " only continue the principle

Thayer *v.* Union Tool Company.

of copartnership in operation," must be confined to the general principle, and not extended to the particular nature of the liability, or to the mode of enforcing it.

From 1809 to 1830 there was but one remedy for all creditors, and the words that gave the remedy were originally the only words that gave the right. *St.* 1808, *c.* 65, § 6. There is nothing to indicate that the *St.* of 1829, *c.* 53, by providing an additional remedy for all creditors, intended to deprive one class of creditors of their principal, and often only available, remedy; and § 7 of that statute, as well as the slight changes made in the Rev. Sts., indicate a contrary intention. If, as would seem to be the construction, § 31 of Rev. Sts. *c.* 38 gives a bill in equity only against *all* the stockholders liable, then to hold that the only remedy of the creditor is under that section would be in direct contradiction of § 16, which provides that the members " shall be jointly and severally liable," when liable at all.

There is no strong equity which can control the apparent intent of the legislature. The fact that Baker is also a stockholder does not make him the less a creditor, or make the benefit of his debt less to the company than if he were a stranger.

The principle of preventing circuity of action does not apply when the intention of the legislature is clear. To apply it would deprive Baker of a large portion of his debt. If applied at all, it can only be to the amount which the respondents could recover back of Baker by way of contribution, and that amount must be proved by them. Besides; the plaintiff sues at law, and the respondents' cross action for contribution must be in equity.

2. The right of stockholders to appear and defend in an action against the company is given and limited by *St.* 1851, *c.* 315, § 2, which does not give them the right to show, as they here attempt to do, that the plaintiff is not a creditor of the company. ·The case of *Sheldon* v. *Kendall,* 7 Cush. 217, was under the statute of set-off, and has no bearing on this case.

3. The respondents may be officers, as well as stockholders of the company. In order to exempt them from liability as officers, they must show, in their answer, that they are not liable as such; for the statute does not require the plaintiff, in order to hold an

7 \*

officer, to put on record any allegation of his liability as such *St.* 1851, *c.* 315.

*C. Delano*, for the respondents.

THOMAS, J.  Under the provisions of the statutes of this commonwealth, the members of manufacturing companies, incorporated since the 23d of February 1830, are, in certain contingencies, made jointly and severally liable for the debts and contracts made by such companies.  And the question of law raised by the demurrer is, whether a creditor of a corporation, who is also a stockholder individually liable for its debts, can attach on mesne process or levy his execution upon the property of other members of the corporation, also liable for its debts; or whether his sole remedy against such other members of the company is by bill in equity for contribution.  It is a difficult question, but may be, we think, satisfactorily answered.

That the individual stockholders are liable for the debts of the company must be taken for granted in the discussion.  The Rev. Sts. *c.* 38, § 30, provide that when the stockholders of any manufacturing company shall be liable, by the provisions of this chapter, to pay the debts of the company, or any part thereof, their persons or property may be taken therefor on any writ of attachment or execution issued against the company for such debt, in the same manner as on writs and executions issued against them for their individual debts.  Section 31 gives to the creditor a remedy by bill in equity in this court.  Section 32 provides that any stockholder who shall, whether voluntarily or by compulsion, pay any debt of the company, for which he is made liable by the provisions of this chapter, may recover the amount so paid in an action of the case against the company, in which action the property of the company only shall be liable to be taken, and not the person or property of any stockholder of the company; or the person who shall have so paid such debt of the company may have a bill in equity in this court, for contribution, against any one or more of the stockholders who were originally liable with him for the payment of the said debts, and may recover against each of them their just and equitable proportion thereof.

The *St.* of 1851, *c.* 315, provides, in substance, 1. That the property of a stockholder shall not be taken upon any execution against the corporation, unless a summons in the action is left with such stockholder; 2. That a stockholder so summoned may come in, take issue on his liability, and, if it shall appear he is not liable for the debt, judgment shall be entered for him on the issue joined, in which case the execution shall have annexed thereto a supersedeas as to that stockholder.

The nominal plaintiff is not a member of the company; but, under the facts stated in the answer, and admitted in the demurrer, he can have no other or greater rights than Baker, the promisee of the notes. The statutes make plain provisions for persons who are creditors of the corporation, and for stockholders who, voluntarily or by compulsion, pay the debts of the company. In this case, Baker, the real plaintiff, is a creditor to whom a debt is due from the company, and he is at the same time a stockholder liable for the debt. He is not within the letter of the Rev. Sts. *c.* 38, § 32; he has not voluntarily or by compulsion paid a debt of the company for which he was made liable by the provisions of that chapter. He is not within the fair scope and spirit of § 30; he is not one having a debt against the company, which, as respects him and to him, the other stockholders are jointly and severally liable to pay. The ultimate liability of the other stockholders to him is only to pay their proportionate part of the debt.

1. The statute, while it gives the most efficient remedies to third parties, leaves the stockholders upon an equal footing. The legislature could not intend, we think, that a stockholder who voluntarily becomes the creditor of the company, by loan or otherwise, should stand on better ground than one whose property has been taken to pay the debt of the company, or who pays the debt to prevent his property being taken. There seems to be no good reason for such distinction.

2. The real plaintiff is a creditor of the corporation. He has his action against the corporation. He may attach or levy upon the corporate property. As against the corporation, he has the same rights, and the same power to enforce them, as a creditor

who is not a stockholder.  See *Pierce* v. *Partridge*, 3 Met. 44
But proceeding one step further, passing from the corporation as
a legal person to the individuals that compose it, the difference
between the creditor who is not a stockholder, and the creditor
who is, becomes manifest.  To the creditor who is not a stock-
holder, each of the stockholders is not only jointly with the
others, but severally liable for the debt, and for the entire debt.
To a creditor who is also a stockholder, each of the other stock-
holders is not severally liable, and for the entire debt, but only
for his proportionate part thereof.  The creditor therefore who
is not a stockholder may, from any stockholder liable, get his
whole debt.  If he is a creditor and also a stockholder, he may
have contribution ; he may have all the stockholder is bound to
pay him, and no more.

3. But, upon the construction of the statute claimed by the
plaintiff, he may collect from one stockholder, not only all that
such stockholder is bound ultimately to pay, but all that the en-
tire body of stockholders, including the plaintiff, is bound to pay.
He may collect with his right hand what he must restore with
his left.  Take a plain case :  The corporation owes to A a debt
of a thousand dollars ; A and B are the only stockholders liable
for the payment of the debt; A sues the corporation, and levies
his execution upon the property of B ; B brings his bill in equity
against A, and compels him to pay back, by way of contribution,
five hundred dollars.  It is but the momentary shifting of the
burden which both must bear.

We think the fair construction of the statutes leads to no such
result.  But while the plaintiff has, against the corporation, the
power to sue at law, and enforce his claim against the property
of the company, his remedy, as against the other stockholders, is
for contribution.  And if his case is not within the Rev. Sts.
c. 38, § 32, it is within the provision of c. 81, § 8, giving this
court jurisdiction in equity in all suits for contribution by or
between any persons who are respectively liable for the same
debt or demand, where there is more than one person liable at
the same time for contribution.

The question of the liability of the respondents as officers of

the corporation is not and could not be raised upon this record. There is no provision in the Rev. Sts. *c.* 38, or the *St.* of 1851, *c.* 315, for summoning in officers in a suit against the corporation, and testing their liability in that form.

*Plaintiff's demurrer overruled.*